This was an action brought by appellee against appellant to recover $5000 for alleged personal injuries. Appellee alleged that on October 12, 1902, while en route from his home at San Marcos to San Antonio, and while he was a passenger on one of appellant's trains, and while said train was passing through Comal County, a window sash in one of the cars of said train "was in and by the negligence of defendant caused to fall, and did fall with force and violence upon and against the arm of plaintiff, catching his arm between the falling sash and the sill of that window," thereby injuring him.
Appellant answered by general demurrer, a general denial, and plea of contributory negligence. The trial resulted in a verdict and judgment for appellee in the sum of $300.
Appellant's first assignment of error, submitted as a proposition, is as follows: "The court erred in the third paragraph of its charge, in attempting to state the degree of care due by defendant to plaintiff, *Page 79 
because said portion of the charge imposes upon the defendant the duty of exercising a higher degree of care than is authorized by law."
The paragraph of the court's charge complained of in this assignment of error is as follows: "The defendant company owed a duty to said plaintiff to use the highest degree of care in transporting him as a passenger in a safe manner, which a person of the highest degree of care and prudence would use under like circumstances. It is required as a duty to use the same degree of care in providing its appliances for this purpose, which term embraces the window sash and its fastenings, shall be reasonably safe and kept in that condition, and any failure or omission to do so in these particulars is negligence."
We are of opinion that that part of the above instruction is erroneous which instructs the jury, in effect, as matter of law, that any failure or omission by defendant company to provide its window sashes with reasonably safe fastenings, and to keep them in that condition, is negligence. The question as to whether such failure or omission would constitute negligence should have been submitted to the jury.
We are also of opinion that, while it might not be reversible error, it is objectionable to charge the jury that a railroad company owes to its passengers the duty to use the highest degree of care in transporting them "which a person of the highest degree of care and prudence would use under like circumstances." The language quoted, if not requiring a higher degree of care than the law, constitutes such a repetition upon the question of the degree of care required to be used by the railroad company as might be calculated to mislead the jury. This court has held that it is not error to charge the jury that it is the duty of a railroad company, in the management of its trains, to exercise the highest degree of care for the safety of its passengers, but this is sufficient, without repeating or emphasizing the degree of care required. Houston T. C. Ry. Co. v. George, 60 S.W. Rep., 313.
The appellant has other assignments of error relating to the giving of other instructions by the court, and the refusal to give special instructions asked by it. We are of opinion that, in view of the evidence in this case, there was no error in such action of the court.
We are also of the opinion that there was no error in the admission of the evidence set out in defendant's bills of exception numbers 1 and 2.
We overrule all assignments of error except the first, which is sustained.
For the errors indicated above, the judgment of the court below is reversed and the cause remanded.
Reversed and remanded. *Page 80